**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JOHNNY I. HENRY**                                                                                                        **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO. 2:09CV-00099-KS-MTP**

**GOOGLE, INC. AND AOL**                                                                   **DEFENDANTS**

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, AOL LLC ("AOL"), submits this Memorandum in Support of its Motion to Dismiss, pursuant to Rules 12(b)(1), (4), (5), (6) and 10(b) of the Federal Rules of Civil Procedure.

### I. INTRODUCTION

Plaintiff filed his complaint in this case on May 20, 2009. A copy of the complaint is attached as Exhibit "A" to Defendant's Motion to Dismiss. In his complaint, Plaintiff alleges that Defendant, AOL, as the provider of an internet search engine, is legally responsible for "defamatory, slanderous and libelous" statements about him allegedly existing on various third party internet sites referenced in the complaint.[1]

AOL operates a large interactive computer service through which millions of subscribers can

---

[1] Plaintiff does not allege that he is a member or subscriber of AOL or that AOL has violated its Terms of Service or Member Agreement. Nevertheless, to the extent Plaintiff is a user of AOL services, he is bound by AOL's Member Agreement which disclaims liability for third party content:

> 10. CONTENT
> c. Content on the AOL Services or the Internet
>
> AOL is not liable for Content that is provided by others.... AOL is not responsible for content available on the Internet, although AOL reserves the right to block access to any Internet area containing illegal or other harmful content being used for purposes that are unlawful or injurious to AOL or its members. You acknowledge that third-party sites on the Internet may have their own terms and conditions that govern your use of those sites.

access various information and information services, including access to the public internet. The gist of Plaintiff's complaint is that AOL is somehow liable for allowing third party internet sites containing derogatory remarks about the Plaintiff to be displayed on AOL's internet search engine even though AOL is not the author or publisher of the purportedly derogatory remarks. As will be demonstrated, AOL is immune from all of Plaintiff's claims and the complaint must be dismissed.

## II. ARGUMENT

### A. The Complaint Fails To State A Claim Upon Which Relief Can Be Granted Because All Of Plaintiff's Claims Are Barred By Section 230(c)(1) Of The Communications Decency Act.

Section 230(c)(1) of the Communications Decency Act ("CDA") provides broad immunity to all interactive computer services, like AOL, for claims based on their publication of third party content. In enacting the CDA, Congress recognized that no internet service provider could reasonably monitor the extremely large amount of user-generated and third party content published online, and made the policy decision to promote the continued growth of the internet by ensuring that interactive computer services would be immune from liability for publishing third party content.[2]

#### 1. The CDA Immunizes AOL From Claims Based On Statements Or Other Content Published By Third Party Internet Sites.

The CDA provides broad immunity to interactive computer services such as AOL for all claims arising from its publication of information created by third party "information content providers." Specifically, section 230(c)(1) provides: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another

---

[2] *See Zeran v. America Online, Inc.* 129 F.3d 327, 330-31 (4th Cir. 1997).

information content provider."[3] The CDA further makes clear that an interactive computer service is immune from all claims based on its publication of third-party content: "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."[4] The immunity provided by section 230 removes the interactive computer service from the causal chain between the third-party content and the injury.[5] Individuals that have been harmed by a website's publication of user-generated content may sue the third party-user who generated the content, but not the interactive computer service or internet service provider that enabled the third-party to publish the content online.[6]

Congress enacted the CDA in 1996 "to promote the continued development of the Internet... unfettered by Federal and State regulation."[7] The Act provides broad immunity to ensure that interactive computer service providers would not be hindered by lawsuits arising from third-party

---

[3] 47 U.S.C. § 230(c)(1).

[4] 47 U.S.C. § 230(e)(3).

[5] *See Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1124 (9th Cir. 2003) ("Under § 230(c), therefore, so long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process."); *Parker v. Google, Inc.*, 422 F.Supp. 2d 492, 500-01 (E.D. Pa. 2006) ("Without examining the specific elements of each of these claims, we note that each claim revolves around the tortious acts of a third party for which Parker holds Google accountable.... We agree with Defendant that Google is immune from such state tort claims under § 230 of the CDA.").

[6] *Zeran v. America Online, Inc.*, 129 F.3d 327, 330-31 (4th Cir. 1997) ("None of this means, of course, that the original culpable party who posts defamatory messages would escape accountability....Congress made a policy choice, however, not to deter harmful online speech through the separate route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages.")

[7] 47 U.S.C. § 230 (b)(1) & (2).

communications.[8] In light of the policy underlying the Act, federal courts have construed the CDA broadly, holding that it bars any claim that would hold an interactive computer service liable for harms allegedly arising from decisions relating to treatment of online content created by third parties - even when the online content arguably creates a serious risk of harm.[9]

In this case imposing liability on AOL for allegedly defamatory speech initiated by a third party would "treat" AOL as the "publisher or speaker," a result § 230 specifically prescribes. All of the Plaintiff's claims are therefore barred by § 230 and Plaintiff's complaint must be dismissed with prejudice.

> **B.** **The Complaint Fails To State A Claim Upon Which Relief Can Be Granted Because It Does Not Comply With FRCP 10(b).**

Federal Rule of Civil Procedure 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's complaint does not comply with the requirements of Rule 10(b) because the allegations are not set out in separate numbered paragraphs. The complaint should therefore be dismissed.

> **C.** **The Complaint Fails To Establish Diversity Jurisdiction And Must Be Dismissed.**

---

[8] *See Dimeo v. Max*, 433 F.Supp. 2d 523, 528 (E.D. Pa. 2006), *aff'd* 248 F. App'x 280 (3d Cir. 2007) ("The provision 'precludes courts from entertaining claims that would place a computer service provider in a publisher's role,' and therefore bars 'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions - such as deciding whether to publish, withdraw, postpone, or alter content.'") (quoting *Green v. America Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003), and *Zeran v. America Online, Inc*., 129 F.3d 327, 330 (4th Cir. 1997)).

[9] *See Doe v MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.), *cert denied*, 129 S. Ct. 600 (2008) ("Courts have construed the immunity provisions in § 230 broadly in all cases arising from the publication of user-generated content."); *Carafano*, 339 F.3d at 1123 (noting "the consensus developing across other courts of appeals that § 230(c) provides broad immunity for publishing content provided primarily by third parties."); *Batzel v. Smith*, 333 F.3d1018, 1030-32 (9th Cir. 2003); *Green*, 318 F.3d at 470-71; *Ben Ezra, Weinstein, & Co. v. America Online, Inc.*, 206 F.3d 980, 985-86 (10th Cir. 2000); *Zeran*, 129 F.3d at 328-29.

Plaintiff has failed to establish diversity jurisdiction in this Court. This Court may only exercise diversity jurisdiction (1) if the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) is between citizens of different states. 28 U.S.C. § 1332 (a).

The party seeking federal jurisdiction bears the burden of establishing that jurisdiction exists. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). To determine if the amount in controversy requirement is met this Court must look to the plaintiff's complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938).

In this case, the Plaintiff's complaint is silent as to the amount of damages sought. Accordingly, the required element of jurisdictional amount in controversy has not been plead and the complaint should be dismissed.

### D. Process And Service Of Process Are Insufficient And The Complaint Must Be Dismissed.

The Plaintiff has erroneously identified Defendant as "A.O.L." in the complaint. In addition the summons received by Defendant was issued to "A.O.L." and served on "A.O.L." Defendant's proper name is AOL LLC  Accordingly, process and service of process are insufficient and Plaintiff's complaint must be dismissed.

### III. CONCLUSION

For the foregoing reasons Plaintiff's complaint fails to state a claim against Defendant AOL LLC because all of Plaintiff's claims are barred by 42 U.S.C. § 230. In addition, this Court lacks diversity jurisdiction because Plaintiff has failed to plead the required jurisdictional amount in controversy. Plaintiff has also failed to correctly identify Defendant in the complaint and has failed to have the summons for Defendant issued in its proper name. For all of these reasons Plaintiff's complaint must be dismissed.

Respectfully Submitted,

S/Roland M. Slover
ROLAND M. SLOVER, MSB NO. 6846
PHILLIP S. SYKES, MSB NO. 10126

ATTORNEYS FOR AOL LLC

**OF COUNSEL:**

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
City Center Building, Ste. 100
200 South Lamar Street
P. O. Box 22608
Jackson, Mississippi 39225-2608
Telephone:   (601) 960-8600
Facsimile:   (601) 960-8713

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have mailed, via registered United States mail, return receipt requested, a true and correct copy of the above and foregoing Defendant's Motion to Dismiss to the Plaintiff at the following address:

Johnny I. Henry
P. O. Box 328
Soso, MS 39480

This the 18th day of June, 2009.

S/Roland M. Slover
Roland M. Slover