**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JOHNNY ISHMEL HENRY**                                                    **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO.: 2:09CV99-KS-MTP**

**GOOGLE, INC. AND AOL**                                              **DEFENDANTS**

---

**DEFENDANT GOOGLE, INC.'S MOTION TO DISMISS
WITH PREJUDICE PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), (4), (5) & (6) and 4(h)**

---

**COMES NOW**, Defendant Google, Inc. ("Google") by and through counsel, without waiving any of its Rule 12 affirmative defenses and objections, or any other affirmative defenses, pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), (5) & (6), and 4(h), and respectfully moves this Honorable Court to dismiss this action with prejudice, and in support thereof, would show as follows:

(1)     On May 20, 2009, Plaintiff John Henry, acting *pro se,* filed a Complaint against Defendant Google and Co-Defendant AOL in the United States District Court for the Southern District of Mississippi, Hattiesburg Division.  *See* Exhibit "A".  Plaintiff's Complaint alleges, among other things, that he suffered "enormous mental harm, emotional suffering, and sleepless nights" as a result of information posted about him on certain websites listed in the Complaint.  It appears that Plaintiff is alleging that he has been harmed by Google merely because links to the postings that are attached to Plaintiff's Complaint appear in the results of a search for "vibrating toilet seat" on Google's search engine.  Plaintiff does not allege, nor could he, that Google has any connection whatsoever to websites mentioned in the

Complaint or that any of the allegedly defamatory statements originated with Google in any way whatsoever.

(2)     Also on May 20, 2009, a Summons was issued for Google.  *See* Exhibit "B".

(3)     Sometime thereafter, Google received an envelope via certified mail.  Enclosed in this envelope was the Summons and Proof of Service.  *See* Exhibit "B".

(4)     The Summons failed to comply with Federal Rule of Civil Procedure 4(a)(1)(A) because it does not provide the name the court.  *See* Exhibit "B".  Therefore, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(4).

(5)     The envelope received via certified mail by Google did not include a copy of the Complaint.  *See* Exhibit "B".  Federal Rule of Civil Procedure 4(c)(1) requires that service of process include a copy of the Complaint.  Therefore, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

(6)     Plaintiff's attempted service by mail was also insufficient.  The Plaintiff failed to comply with the requisites of the Federal Rules of Civil Procedure and the rules of procedure for the states of Mississippi and California for service by mail.  Therefore, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

(7)     Plaintiff's attempted service on Google generally, without serving the proper corporate agent constitutes a separate insufficiency.  The Federal Rules of Civil Procedure and the rules of procedure for the states of Mississippi and California all require that a Plaintiff serve an appropriate corporate agent.  The Plaintiff failed to serve an appropriate corporate agent of Google.  Therefore, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

(8)     Plaintiff's Complaint fails to state a claim upon which relief can be granted. Under the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1), Congress has granted interactive service providers, such as Google, broad statutory immunity from content-based claims, such as those at issue here, when the information posted to the Internet was posted by third parties. Therefore, Plaintiff's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

(9)     Even if Google did not have immunity from Plaintiff's claim pursuant to Section 230(c)(1) of the CDA, which it does, Plaintiff's Complaint fails to state a claim upon which relief can be granted under Mississippi law. Plaintiff fails to assert any of the necessary elements to prove a claim for defamation. Therefore, Plaintiff's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

(10)    Plaintiff's Complaint is not numbered as requires by Federal Rule of Civil Procedure 10(b). *See* Exhibit "A". Therefore, Plaintiff's Complaint should be dismissed.

(11)    Plaintiff's Complaint fails to assert a sufficient amount in controversy to invoke diversity jurisdiction. *See* Exhibit "A". Therefore, Plaintiff's Complaint should be dismissed.

(12)    In support of this Motion, Google submits its Memorandum Brief, and the following exhibits:

    Exhibit "A"    –    Complaint [Docket No. 1]; and

    Exhibit "B"    _    Copy of envelope, Summons and Proof of Service.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Google, Inc. moves this Honorable Court to dismiss this lawsuit with prejudice.

- 3 -

**RESPECTFULLY SUBMITTED**, this 29th day of July, 2009.

GOOGLE, INC.

PHELPS DUNBAR LLP

BY:     s/  Michael Held

Kyle S. Moran (MSB #10724
Kyle S. Moran (MSB #10724
Kyle S. Moran (MSB #10724
Kyle S. Moran (MSB #10724
Kyle S. Moran (MSB #10724
Kyle S. Moran (MSB #10724
Kyle S. Moran (MSB #10724
Kyle S. Moran (MSB #10724
Kyle S. Moran (MSB #10724
Kyle S. Moran (MSB #10724
Kyle S. Moran (MSB #10724
Kyle S. Moran (MSB #10724
Kyle S. Moran (MSB #10724
Kyle S. Moran, MSB #10724
Michael Held, MSB #101942
PHELPS DUNBAR LLP
NorthCourt One • Suite 300
2304 19th Street
Gulfport, Mississippi 39501
Telephone: (228) 679-1130
Telecopier: (228) 679-1131
Email:morank@phelps.com
        heldm@phelps.com

PD.398491.1

## CERTIFICATE OF SERVICE

I, Michael Held, certify that I electronically filed the foregoing with the Clerk of the

Court using the ECF system, which sent notification of such filing to the following:

    Roland M. Slover
    Phillip S. Sykes
    Forman Perry Watkins Krutz & Tardy LLP
    P.O. Box 22608
    Jackson, MS 39225-2608
    ***Attorneys for AOL LLC***

and I hereby certify that I have mailed, via certified United States mail, return receipt

requested, the foregoing to the following non-ECF participant:

    John I. Henry
    P. O. Box 328
    Soso, MS 39480
    ***Plaintiff***

This, the 29th day of July, 2009.

                        s/ Michael Held
                        MICHAEL HELD

PD.398491.1