## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**JOHNNY ISHMEL HENRY**                                                                        **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO.: 2:09CV99-KS-MTP**

**GOOGLE INC. AND AOL**                                                          **DEFENDANTS**

---

### REBUTTAL IN SUPPORT OF
### DEFENDANT GOOGLE INC.'S MOTION TO DISMISS
### WITH PREJUDICE PURSUANT TO
### FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1), (4), (5) & (6) AND 4(H)

---

Defendant Google Inc. ("Google") submits its Rebuttal in support of its Motion to Dismiss and would show unto the Court as follows:

(1) In his August 4, 2009 Response to Google's Motion to Dismiss, Plaintiff readily concedes that his Complaint must be dismissed, albeit without prejudice. *See* Plaintiff's Response, p. 2 [Docket No. 15]

(2) However, pursuant to the Communications Decency Act ("CDA"), Plaintiff's Complaint must be dismissed in its entirety with prejudice. 47 U.S.C. § 230(c)(1). Section 230 of the CDA affords service providers like Google with absolute immunity from suits, such as Plaintiff's, which arise from allegedly harmful content that originates from third parties. Consequently, because Plaintiff's claims are barred as a matter of law, the Court must dismiss Plaintiff's Complaint with prejudice.

(3) In his Response, Plaintiff himself requests that his Complaint be dismissed without prejudice. In the alternative only, Google respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety without prejudice.

(4) It appears that Plaintiff's Response also requests additional relief directly from Google.[1] Not only are Plaintiff's assertions factually inaccurate, Plaintiff's Response to Google's Motion to Dismiss is not the proper procedural vehicle within which to request such relief.[2] Also, it appears that the Plaintiff is requesting this relief directly from Google and not from the Court. *See* Plaintiff's Response, p. 2 [Docket No. 15]. Plaintiff is seeking relief that Plaintiff did not request in his Complaint and which is outside the scope of this lawsuit. Furthermore, to the extent Plaintiff is requesting the Court to order Google to do anything, such a request is also barred by Section 230 of the CDA. Due to these improperly asserted requests for relief, Google further requests that the Court enter an Order finding that Plaintiff is not entitled to any relief whatsoever from Google.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Google Inc. respectfully requests that this Honorable Court dismiss Plaintiff's lawsuit in its entirety with prejudice, and grant Google such relief as the Court deems appropriate.

---

[1] Plaintiff requests that: (1) "Google reinstate his 1.5 Million hits about his invention and give him the opportunity to move his product", (2) "Google allow the product to be re-instated on the web", and (3) "Google will post this to the paperwork that has already been placed on the web under his name." *See* Plaintiff's Response, p. 2 [Docket No. 15].

[2] Google crawls and indexes billions of webpages on a regular cycle. During this process, new websites, changes to existing sites, and dead links are noted and updated after each crawl. This update process is completely automated. Google is unable to make manual changes to individual sites. Google's intent is to represent the content of the internet fairly and accurately. Google does not manually assign keywords to sites, and sites' positions in Google's results are determined by many factors, which are explained in more detail at http://www.google.com/technology/index.html.

**RESPECTFULLY SUBMITTED**, this the 14th day of August, 2009.

                                      **GOOGLE INC.**

                                      PHELPS DUNBAR LLP

BY:    *s/ Michael Held*
            Kyle S. Moran, MSB #10724
            Michael Held, MSB #101942
            PHELPS DUNBAR LLP
            NorthCourt One • Suite 300
            2304 19th Street
            Gulfport, Mississippi 39501
            Telephone: (228) 679-1130
            Telecopier: (228) 679-1131
            Email:morank@phelps.com
                    heldm@phelps.com

            David Patron, Admitted PHV
            PHELPS DUNBAR LLP
            Canal Place
            365 Canal Street • Suite 2000
            New Orleans, LA 70130-6534
            Telephone: (504) 566-1311
            Telecopier: (504) 568-9130
            Email:patrond@phelps.com

# CERTIFICATE OF SERVICE

I, Michael Held, certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

> Roland M. Slover
> Phillip S. Sykes
> Forman Perry Watkins Krutz & Tardy LLP
> P.O. Box 22608
> Jackson, MS 39225-2608
> ***Attorneys for AOL LLC***

and I hereby certify that I have mailed, via certified United States mail, return receipt requested, the foregoing to the following non-ECF participant:

> John I. Henry
> P. O. Box 328
> Soso, MS 39480
> ***Plaintiff***

This, the 14th day of August, 2009.

*s/ Michael Held*
MICHAEL HELD